IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 6:20-cv-00102 |
| CLAYTON E. WHITNEY, M.D., | § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiff Provident Life and Accident Insurance Company ("Provident Life") complains of Defendant Clayton E. Whitney, M.D. ("Whitney") and states:

## PARTIES

1. **Provident Life.** Provident Life is a Tennessee insurance company with its principal place of business in Portland, Maine.

2. **Whitney.** Whitney is a citizen of Texas who may be served with process at 2601 S. Chilton Avenue, Tyler, Texas 75701, or wherever he may be found.

## JURISDICTION AND VENUE

3. **Jurisdiction.** The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Provident Life and Whitney. In this regard, Provident Life is a citizen of Tennessee and/or Maine, and Whitney is a citizen of Texas. The Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

4.     **Venue.**  Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), as Whitney resides in this division and district and a substantial part of the events or omissions giving rise to Provident Life's claims occurred here.

## OPERATIVE FACTS

5.     **The Application.**  In December 2017, Whitney applied to Provident Life for a disability income insurance policy.  In the Guaranteed Standard Application (the "Application"), which he signed on December 5, 2017, Whitney noted in response to Questions 4(a) and (b) that he had missed work on October 16, 2017, October 30, 2017, and November 9, 2017 which were dates within the 180 days before he signed the Application.  Whitney signed the Application beneath the following provisions:

> The statements and answers in this application are true and complete and correctly recorded.  I understand that they will become part of My application and any policies issued on it.  If My answers on this application are incorrect or untrue, the Company may have the right to deny benefits or rescind My coverage, if such answers are material to the risk or hazard assumed by the Company.

6.     **The Amendment.**  On January 2, 2018, Whitney completed and signed an Amendment of Application (the "Amendment").  The Amendment stated:

> In consideration of the issuance of the policy to which this amendment is attached, it is understood and agreed that my signed application dated December 5, 2017 is amended as follows:
>
> Section 1 4A is amended to read: 3 days lost due to post viral syndrome caused by air travel after a virus.  Fully recovered with no further treatment needed.  Returned to work full time with no restrictions or limitations.

7.     **Provident Life Issues the Policy.**  Relying on the accuracy of the information provided by Whitney and effective March 1, 2018, Provident Life issued its Disability Income Insurance Policy number 06-5625691 (the "Policy") to Whitney.  In the Introduction section, the Policy stated:

> This Policy is a legal contract between You and Us.  It is issued in consideration of the payment, in advance, of the premium and of Your statements and representations in the application(s).  A copy of the application(s) is attached and is part of Your Policy.  Omissions and misstatements in the application(s) that are material to the risk assumed by Us could cause an otherwise valid claim to be denied or Your Policy to be rescinded.

The Time Limit on Certain Defenses section of the Policy provides in pertinent part:

> **Misstatement in An Application**
> After two years from an Effective Date, no misstatements or omissions, except fraudulent misstatements or omissions, made by You on an application will be used:
> 1.     to void or Contest the Policy, policy change or reinstatement; or
> 2.     to deny a claim under this Policy, policy change or reinstatement for loss incurred or Disability that starts after the end of such two year period.

The Policy defines "Contest" as:

> **Contest** means that We question the validity of coverage under Your Policy by letter to You.  This contest is effective on the date We mail the letter and refund the premium to You.

Provident Life delivered the original Policy, with the Application and Amendment attached, to Whitney.  Whitney never contacted Provident Life to advise of any errors in the Application or the Amendment.

8.     **The Claim.**  On September 10, 2019, Whitney submitted a claim for benefits under the Policy.  In the Employee/Individual Statement, Whitney indicated that he suffered from medulloblastoma and that he was first treated by a physician for his condition in September 2017.  In the Attending Physician Statement, David H. Beaird, M.D. confirmed Whitney's diagnosis and that the first date of treatment was in September of 2017.

9.     **Provident Life Learns of Whitney's Misstatements.**  During its investigation, Provident Life obtained Whitney's medical records and other information, and learned that Whitney made misrepresentations in the Application and the Amendment.  By way of example, on September 13, 2017, an MRI of the brain was completed with concerns for possible infiltrative process and possible low-grade glioma.  On October 16, 2017, Whitney was evaluated by a

neurosurgeon for an opinion regarding the management of a newly diagnosed brain mass. On October 30, 2017, Whitney was evaluated by a neuro-oncologist for worsening problems that had occurred over the past months. On November 8, 2017, a PET/CT scan was completed, and on November 9, 2017, Whitney underwent a lumbar puncture procedure.

10. **Provident Life Rescinds the Policy.** Provident Life determined that Whitney's answers and subsequent explanations in the Application and Amendment were false and material misrepresentations made to induce Provident Life into issuing the Policy. Provident Life relied upon the Application and Amendment in issuing the Policy and would not have issued the Policy had it known of the true facts. Within a reasonable time of learning of Whitney's misrepresentations, and specifically by letter dated November 26, 2019, Provident Life gave written notice to Whitney that Provident Life refused to be bound by the Policy and tendered the premiums paid under the Policy. As of the date of this filing, Whitney has not cashed the premium refund or requested an administrative appeal.

## CAUSES OF ACTION

11. **Rescission.** For the reasons set forth above, Provident Life requests the Court to rescind and cancel the Policy and find that it was null and void as of the date of its issuance.

12. **Declaratory Judgment.** Alternatively, if it is judicially determined that the Policy is not rescinded, then Provident Life states that there is an actual justiciable controversy between the parties and requests that the Court grant declaratory judgment relief pursuant to 28 U.S.C. § 2201, declare the parties' rights and obligations under the Policy and adjudicate the following issues:

    (a)    That the Policy is void *ab initio* and never took effect because the information provided by Whitney in the Application and Amendment was

not as represented, which was a condition precedent to coverage under the Policy.

## PRAYER

13. **Relief Requested.** Provident Life respectfully requests the following relief:

    (a) That Whitney be served with the Complaint and Summons and be required to answer in the time and manner prescribed by law;

    (b) That the Court adjudicate that the Policy is cancelled and rescinded and is of no force or effect or, in the alternative, award Provident Life the declaratory relief requested above;

    (c) That Provident Life have and recover its attorney's fees and court costs; and

    (d) That Provident Life have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Dennis M. Lynch
Dennis M. Lynch
State Bar No. 90001506
dennis.lynch@figdav.com
Cameron E. Jean
State Bar No. 24097883
cameron.jean@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR PLAINTIFF
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY